UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERIC J. MAPES, | ) |
|                Plaintiff, | ) |
|                v. | ) No. 1:20-cv-02273-JPH-TAB |
| THE STATE OF INDIANA, IMPD, MARION COUNTY JAIL, MARION COUNTY PROSECUTORS OFFICE, | ) |
|              Defendants. | ) |

**ORDER**

### I.  Granting *in forma pauperis* status

Mr. Mapes's motion to proceed *in forma pauperis* is **GRANTED**.  Dkt. [4]; *see* 28 U.S.C. § 1915(a).  While *in forma pauperis* status allows Mr. Mapes to proceed without prepaying the filing fee, he remains liable for the full fees. *Ross v. Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65 (7th Cir. Jan. 15, 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' . . . but not without *ever* paying fees."). No payment is due at this time.

### II.  Screening

**A. Screening standard**

The Court has the inherent authority to screen Mr. Mapes's complaint. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners

alike, regardless of fee status."). The Court may dismiss claims within a complaint that fail to state a claim upon which relief may be granted. *See id.* In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### B. The complaint

Mr. Mapes alleges that while he was in the Marion County Jail he was held down by six employees in a way that caused serious neck and spine injuries. Dkt. 1 at 2. He alleges that he was then denied adequate medical services in the jail. *Id.*

Separately, Mr. Mapes alleges that Indianapolis police officers chased and arrested him while he was walking to his truck after being asked to leave a CVS store. He alleges that he was unlawfully detained because of his disability.

Mr. Mapes names the State of Indiana, IMPD, the Marion County Jail,

and the Marion County Prosecutor's Office as defendants, seeking monetary and injunctive relief.

### C. Analysis

Mr. Mapes has not identified a viable defendant under 42 U.S.C. § 1983. Section 1983 claims "may be brought against . . . local governmental entities for actions by its employees only if those actions were taken pursuant to an unconstitutional policy or custom." *Holloway v. Delaware Cty. Sheriff*, 700 F.3d 1063, 1071 (7th Cir. 2012); *see also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Mr. Mapes has not alleged that his injuries were caused by policies or customs of the State of Indiana, IMPD, or Marion County. *See* dkt. 1. He also has not named as defendants the individual employees responsible for his injuries. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Mr. Mapes's § 1983 claims therefore must be dismissed.

Mr. Mapes also has not plausibly alleged that his arrest violated the Americans with Disabilities Act. The complaint cites Title II and Title III of the ADA. Dkt. 1 at 2. Title II prohibits discrimination against disabled individuals in public services, and Title III does the same in public accommodations. *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 676 (2001). Even if the IMPD officers' actions fall under the ADA—an open question in the Seventh Circuit, *King v. Hendricks Cnty. Comm'rs*, 954 F.3d 981, 989 (7th Cir. 2020)—Mr. Mapes had not alleged facts supporting an ADA claim. He admits that he had been asked to leave the CVS before being arrested, and he does not allege that the officers

3

knew that he was disabled or acted on that basis. Dkt. 1 at 2. Mr. Mapes therefore has not alleged that he was denied services or was arrested because of a disability. *See King*, 954 F.3d at 989 ("We have been given no reason to believe that [the] response would have been different had someone not suffering from a mental illness done the same thing.").

### D. Summary of claims and opportunity to respond

Mr. Mapes's complaint **is dismissed** as to all Defendants for failure to state a claim.

Mr. Mapes shall have through **October 16, 2020** to file an amended complaint, addressing the issues identified in this order. Any amended complaint will completely replace the original complaint, so it must include all allegations, defendants, and claims that Mr. Mapes intends to pursue in this case.

However, "[u]nrelated claims against different defendants belong in different suits." *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018). Mr. Mapes's claims related to the Marion County Jail and his claims related to his arrest are unrelated, and therefore cannot both be brought in this case. Any amended complaint must allege only one of those claims. The other claim, if Mr. Mapes chooses to pursue it, must be raised in a new case.

The **clerk shall include** a form civil rights complaint with Mr. Mapes's copy of this order.

### III.    Pending Motions

Mr. Mapes has also filed a motion for leave to amend/attach exhibits. Dkt. [7].  That motion is **DENIED** because Mr. Mapes has not filed a viable complaint.  If Mr. Mapes has additional facts that he would like the Court to consider, he should include a "short and plain" statement of those facts in his amended complaint.  Fed. R. Civ. P. 8.

**SO ORDERED.**

Date: 9/15/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ERIC J. MAPES
P.O. Box 47181
Indianapolis, IN 46247-0181