UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ERIC J. MAPES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02273-JPH-TAB |
| | ) | |
| THE STATE OF INDIANA, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING AMENDED COMPLAINT
AND DIRECTING SERVICE OF PROCESS**

Plaintiff Eric Mapes brings this action pursuant to 42 U.S.C. § 1983 and the Americans

with Disabilities Act ("ADA"). Although Mr. Mapes is no longer a "prisoner" as defined by

28 U.S.C. § 1915A(c), the Court invokes its inherent authority to screen the amended complaint

before service on the defendants. *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict

courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike,

regardless of fee status.").

**I.
SCREENING STANDARD**

In determining whether the amended complaint states a claim, the Court applies the same

standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

*See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal:

> [the amended] complaint must contain sufficient factual matter, accepted as true, to
> state a claim for relief that is plausible on its face. A claim has facial plausibility
> when the plaintiff pleads factual content that allows the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged.

*Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II.
## BACKGROUND

On August 31, 2020, Mr. Mapes filed a complaint pursuant to § 1983 and the ADA against The State of Indiana, Marion County Jail, Marion County Prosecutors Office, and IMPD alleging unlawful conduct during the course of his arrest and during the course of his pretrial detention. The Court dismissed the complaint because (1) the jail is not a suable entity under § 1983; (2) the complaint did not allege that the municipal defendants maintained an unlawful policy or custom; and (3) the complaint did not allege a violation of the ADA during the course of Mr. Mapes' arrest. *See* dkt. 9. Mr. Mapes was provided an opportunity to amend the complaint and was told that the "amended complaint will completely replace the original complaint, so it must include all allegations, defendants, and claims that Mr. Mapes intends to pursue in this case." *Id.* at 4. He was also told that the amended complaint may only include claims arising from either his arrest or his pretrial detention because the claims are unrelated and may not be brought in the same action. *Id.*

On September 29, 2020, Mr. Mapes filed an amended complaint, naming Marion County Jail as the sole defendant. The amended complaint does not allege any material facts that were not previously alleged in the original complaint. Like the original complaint, the amended complaint states that five to six employees of Marion County Jail forced Mr. Mapes into a secluded cell, assaulted him, and then denied him medical care.

## III.
## DISCUSSION

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify

the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). The Fourteenth Amendment Due Process Clause protects pretrial detainees from objectively unreasonable excessive force and objectively unreasonable lack of medical care. *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015); *Miranda v. County of Lake*, 900 F.3d 335, 351 (7th Cir. 2018).

The amended complaint states Fourteenth Amendment excessive force and lack of medical care claims against the five to six unnamed employees of Marion County Jail. Although the Seventh Circuit generally disfavors lawsuits against unnamed defendants, *see Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997), Mr. Mapes will be granted a period of time to conduct discovery for the limited purpose of identifying these unnamed employees.

Process will issue to Marion County Sheriff Ken Forestal in his official capacity only. Sheriff Forestal need not answer the allegations in the complaint but simply needs to appear in the action. Mr. Mapes will have 45 days to conduct discovery for the limited purpose of identifying these unnamed employees. Mr. Mapes will then have up to 15 more days to file an amended complaint. The failure to file an amended complaint within 60 days of Sheriff Forestal's appearance **will result in dismissal of the action without further warning**.

The **clerk is directed** to add Sheriff Ken Forestal in his official capacity as a defendant on the docket and to remove The State of Indiana, IMPD, Marion County Jail, and Marion County Prosecutors Office as defendants on the docket.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to Sheriff Ken Forestal in the manner specified by Rule 4(d). Process shall consist of the amended complaint, dkt. [10], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of service of Summons), and this Order.

For the reasons set forth in the Order screening the original complaint, dkt. 9, all other claims are **dismissed**.

**SO ORDERED**.

Date: 12/22/2020

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ERIC J. MAPES
P.O. Box 47181
Indianapolis, IN 46247-0181

SHERIFF KEN FORESTAL
Marion County Jail
40 S. Alabama St.
Indiana, IN 46204