UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERIC J. MAPES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-02273-JPH-TAB |
| | ) |
| KEN FORESTAL, | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING MOTION FOR ASSISTANCE RECRUITING COUNSEL**

Plaintiff Eric Mapes has filed a "Corrected Motion to Clarify," seeking the appointment of pro bono counsel. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"Two questions guide [this] court's discretionary decision whether to recruit counsel: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Walker*, 900 F.3d at 938 (internal quotations omitted); *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc); *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. The Seventh Circuit has specifically declined to find a presumptive right

1

to counsel in some categories of cases. *McCaa v Hamilton*, 893 F.3d 1027, 1037 (7th Cir. 2018) (Hamilton, J., concurring); *Walker*, 900 F.3d at 939.

As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt,* 503 F.3d at 653; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because neither of the plaintiff's requests for counsel showed that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion) (citing *Pruitt*, 503 F.3d at 654–55 (7th Cir. 2007) (en banc); *Romanelli v. Suliene*, 615 F.3d 847, 851–52 (7th Cir. 2010) (explaining that the denial of a motion to recruit counsel was justified by the district court's finding that the plaintiff had not tried to obtain counsel)).

Mr. Mapes has not demonstrated a reasonable attempt to obtain counsel on his own before seeking the Court's assistance. His motion requesting counsel does not indicate whether he has contacted any attorneys with requests for pro bono representation. Because Mr. Mapes has not satisfied this threshold inquiry, the Court does not need to consider the second prong of the analysis. Accordingly, the motion for counsel, dkt. [16], is **DENIED**.

**SO ORDERED.**

Date: 4/9/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ERIC J. MAPES
P.O. Box 47181
Indianapolis, IN 46247-0181

Amy Stewart Johnson
FROST BROWN TODD LLC (Indianapolis)
asjohnson@fbtlaw.com

Allison Jean Smith
OFFICE OF THE CORPORATION COUNSEL
allison.smith@indy.gov

Adam Scott Willfond
OFFICE OF CORPORATION COUNSEL
adam.willfond@indy.gov