UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERIC J. MAPES, | ) |
|              Plaintiff, | ) ) ) |
|              v. | ) )  No. 1:20-cv-02273-JPH-TAB |
| UNKNOWN GUARDS OF THE MARION COUNTY JAIL, | ) ) ) |
|              Defendants, | ) ) |
| KEN FORESTAL, | ) ) |
|              Interested Party. | ) |

**ORDER OF DISMISSAL**

On August 31, 2020, plaintiff Eric Mapes initiated this action by filing a complaint alleging violations of his civil rights against the Indianapolis Metropolitan Police Department, Marion County Jail, and the Marion County Prosecutor's Office. Dkt. 1 On September 16, 2020, the Court issued an Order dismissing the complaint for failure to state a claim upon which relief may be granted. Dkt. 9, p. 4. Rather than dismiss the action, the Court provided Mr. Mapes with an opportunity to file an amended complaint. *Id.*

On September 29, 2020, Mr. Mapes filed an amended complaint naming Marion County Jail as the sole defendant. Dkt. 10. On December 22, 2020, the Court issued an Order screening the amended complaint. Dkt. 14. The Court found that the amended complaint stated excessive force claims against several unnamed employees of Marion County Jail. *Id.* at 3. Although the Seventh Circuit generally disfavors lawsuits against unnamed defendants, *see Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997), Mr. Mapes was granted a period of time to conduct discovery for the limited purpose of identifying these unnamed employees. *Id.*

1

The Court issued process to Marion County Sheriff Ken Forestal in his official capacity only. Mr. Mapes was given 45 days to conduct discovery for the limited purpose of identifying these unnamed employees, and an additional 15 more days to file an amended complaint. He was warned that "[t]he failure to file an amended complaint within 60 days of Sheriff Forestal's appearance **will result in dismissal of the action without further warning**." *Id.* (emphasis in original).

Sheriff Forestal filed his appearance on January 12, 2021. Dkt. 18. Accordingly, the deadline for Mr. Mapes to file an amended complaint was March 13, 2021. Mr. Mapes has not filed an amended complaint, and the time to do so has passed. Therefore, this action is **DISMISSED WITHOUT PREJUDICE**. If Mr. Mapes learns the identities of the unnamed defendants, he may attempt to refile his claims within the period of limitations.[1]

---

[1] The Court notes that Mr. Mapes is a frequent litigant in this and other courts, and to date, only one of his cases has survived screening. *See Mapes v. Heath*, No. 3:16-cv-00144 (D. Alaska Aug. 1, 2016) (dismissed on screening for failure to state a claim); *Mapes v. State of Alaska*, No. 3:16-cv-00179-RRB (D. Alaska Aug. 30, 2016) (dismissed on screening for failure to state a claim), appeal dismissed as frivolous, No. 16-35865 (9th Cir. Apr. 24, 2017); *Mapes v. Myers*, No. 1:17-cv-001396-WTL-DML, 2017 WL 1957876 (S.D. Ind. May 10, 2017) (dismissed on screening for failure to state a claim); *Mapes v. Indiana Court of Appeals*, No. 1:17-cv-002591-JMS-TAB, 2017 WL 4583510 (S.D. Ind. Aug. 14, 2017) (dismissed on screening for failure to state a claim), appeal dismissed for failure to timely pay docketing fee, No. 17-2691 (7th Cir. Oct. 26, 2017), cert. denied; *Mapes v. State of Texas*, No. 7:18-cv-00170-DC, 2018 WL 9786073 (W.D. Tex. Oct. 1, 2018) (dismissed on screening for failure to state a claim, frivolousness, and lack of jurisdiction), appeal dismissed for want of prosecution, No. 18-50864 (5th Cir. Apr. 11, 2019); *Mapes v. State of Indiana*, No. 1:19-cv-000691-JMS-TAB (S.D. Ind. Feb. 21, 2019) (dismissed on screening for failure to state a claim), affirmed, 932 F.3d 968, 970 (7th Cir. 2019) (per curiam); *Mapes v. Hatcher*, No. 1:19-cv-02162-TWP-MJD (S.D. Ind., filed May 30, 2019), improper interlocutory appeal dismissed, No. 20-1022 (7th Cir.); *Mapes v. Office of Hearing Operations*, No. 1:20-cv-00029-TWP-TAB (S.D. Ind. Mar. 5, 2020) (dismissed on screening for failure to state a claim); *Mapes v. Magnuson*, No. 1:20-cv-00030-JMS-TAB (S.D. Ind. Feb. 20, 2020) (dismissed on screening for failure to state a claim); *Mapes v. State of Indiana*, et al., No. 1:20-cv-001071-SEB-MJD (S.D. Ind. June 1, 2020) (dismissed on screening for failure to state a claim and Younger abstention); *Mapes v. Foster*, No. 1:20-cv-02230-TWP-TAB (S.D. Ind. Sept. 28, 2020) (dismissed for lack of jurisdiction); *Mapes v. State of Indiana*, et al., No. 1:20-cv-02273-JPH-TAB (S.D. Ind. Sept. 16, 2020) (dismissed on screening for failure to state a claim with leave to amend); *Mapes v. GSA*, No. 1:20-cv-02412-SEB-DML (S.D. Ind. October 23, 2020) (dismissed without prejudice before screening). Mr. Mapes is reminded that the Court has the authority to restrict his ability to file future actions and to assess fines against him for filing vexatious litigation. *See In re McDonald*, 489 U.S. 180, 184 (1989) ("Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.") (internal quotation omitted).

**The Clerk shall update** the docket to reflect Defendants as "Unknown guards at Marion County Jail," dkt. 10 at 2, and Sheriff Forestal as an Interested Party, dkt. 14 at 3.

Final Judgment in accordance with this Order shall now issue.

**SO ORDERED.**

Date: 4/9/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ERIC J. MAPES
P.O. Box 47181
Indianapolis, IN 46247-0181

Amy Stewart Johnson
FROST BROWN TODD LLC (Indianapolis)
asjohnson@fbtlaw.com

Allison Jean Smith
OFFICE OF THE CORPORATION COUNSEL
allison.smith@indy.gov

Adam Scott Willfond
OFFICE OF CORPORATION COUNSEL
adam.willfond@indy.gov